**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MARIO GLENN-EL,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )          No. 1:21-CV-58 SNLJ
                                         )
UNKNOWN HANECOCK, et al.,                )
                                         )
            Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Mario Glenn-El, an inmate at

Southeast Correctional Center (SECC), for leave to commence this civil action without prepaying

fees or costs. Having reviewed the motion and the financial information submitted in support, the

Court has determined to grant the motion, and assess an initial partial filing fee of $1.00.

Additionally, for the reasons discussed below, the Court will partially dismiss the amended

complaint, and direct the Clerk to issue process on the non-frivolous portions thereof.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, an inmate at Southeast Correctional Center (SECC), brings this action pursuant to 42 U.S.C. § 1983 against Deputy Warden Unknown Hanecock, Functional Unit Manager Bruce Hanebrink and Caseworker Wesley Fluharty. Plaintiff sues defendants in their individual and official capacities.

Plaintiff claims that at the time of writing the amended complaint in May of 2021, he had been in Administrative Segregation since December of 2020. He states that in Administrative Segregation inmates are allowed haircuts every thirty (30) days. However, over a five-month period, he did not receive a haircut or a shave. Plaintiff claims he had to "eat [his] food with hair in it" because they are refusing to give shaves and haircuts.

Plaintiff alleges that inmates in Administrative Segregation are only provided with one small bar of soap per week which lasts three days. He asserts this small bar of soap is not enough for use after "every bathroom, washing your hands before and after each meal, two showers a week, along with washing your hair." Plaintiff asserts that soap is no longer sold in the canteen in order to stop inmates from showering.

3

Plaintiff asserts that inmates in Administrative Segregation are also supposed to have a "cell clean" once per week. However, they are now only receiving a cell clean once per month. Plaintiff complains that mice are coming into the Administrative Segregation cells at SECC, as well as "flying bugs." He also states that even when "cell cleans" do occur, there are no towels to wipe the sink and stools, and no mop is provided to wipe the floor. Inmates are only provided a broom and dustpan and stool brush.

Plaintiff claims this lack of hygiene has caused rashes, bumps on his body, jock itch, body odor, athlete's feet, stress, depression and suicidal thoughts. He claims he has complained about the issues to defendants numerous times but they have refused to fix the problems. Plaintiff states that Deputy Warden Hanecock told him that he would have his issues resolved when he was moved into the general population.

Plaintiff seeks monetary relief in this action.

### Discussion

Plaintiff asserts that defendants Deputy Warden Unknown Hanecock, Functional Unit Manager Hanebrink and Caseworker Wesley Fluharty acted in a cruel and unusual manner in violation of the Eighth Amendment by failing to ameliorate his conditions of confinement in Administrative Segregation at SECC during a more than five-month period. He claims that he was subjected to haircuts and shaves only once per month; one small bar of soap once per week that did not suffice to maintain cleanliness, which caused him to have rashes, body odor, etc. and; cell cleaning only once per month that did not suffice to actually clean the cell and allowed rodents and bugs to invade. Plaintiff sues defendants in their individual and official capacities.

4

## A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, defendants are all employees at SECC which is a Missouri Department of Corrections ("MDOC") facility and state agency. Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *see also Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh

5

Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)). Accordingly, plaintiff's official-capacity claims brought against all the named defendants are barred by sovereign immunity and for failure to name defendants suable under § 1983. As such, plaintiff's claims against defendants in their official capacities are subject to dismissal.

## B. Plaintiff's Individual Capacity Claims Against Defendants

Under the Eighth Amendment, prisoners are entitled to humane treatment, and to the basic necessities of life. *Goff v. Menke,* 672 F.2d 702, 705 (8th Cir. 1982). Those necessities include personal hygiene supplies. *Scott v. Carpenter,* 24 F. App'x. 645, 647 (8th Cir. 2001) (basic personal hygiene is "within the minimal civilized measure of life's necessities to which a prisoner is entitled."). Temporary adverse conditions that do not threaten health or safety do not implicate the Eighth Amendment, *Hudson v. McMillian,* 503 U.S. 1, 9 (1992), but the long-term, repeated deprivation of adequate hygiene supplies does. *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996).

A prison official can be held liable for violating the Eighth Amendment when two requirements are met. First, plaintiff must show that objectively, the alleged deprivation was sufficiently serious. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). This requirement is met if the alleged deprivation denied plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Next, plaintiff must show that objectively, the defendant acted with deliberate indifference, meaning that the defendant knew of, and deliberately

6

disregarded, an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834, *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

In the case at bar, plaintiff has alleged sufficient facts to demonstrate that defendants knew of plaintiff's requests for hygiene supplies, for a haircut and shave, and for a cell cleaning but they denied his requests on multiple occasions. The Court will therefore issue process on plaintiff's claims against defendants in their individual capacities under the Eighth Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Deputy Warden Unknown Hanecock, Functional Unit Manager Bruce Hanebrink and Caseworker Wesley Fluharty in their individual capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Deputy Warden Unknown Hanecock, Functional Unit Manager Bruce Hanebrink and Caseworker

7

Wesley Fluharty shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Deputy Warden Hanecok, Funtional Unit Manager Bruce Hanebrink and Caseworker Wesley Fluharty in their official capacities are **DISMISSED** from this action.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this _12th_ day of January, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

8