UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIO GLENN-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-CV-58-SNLJ |
| | ) |
| GREGORY HANCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Mario Glenn-El, pro se, is a prisoner in the custody of the Missouri Department of Corrections ("MDOC") at the Southeast Correctional Center in Charleston, Missouri ("SECC"). He brings three claims under 42 U.S.C. § 1983 against defendants Gregory Hancock, Wesley Fluharty, and Bruce Hanebrink. Plaintiff alleges that defendants violated his Eighth Amendment rights by depriving him of (1) soap; (2) haircuts and shaves; and (3) a clean prison cell. Defendants move for summary judgment on all three claims. [Doc. 30.] Plaintiff has not filed a response and the time for doing so has passed.

**I.   Factual Background**

In reviewing this motion for summary judgment, the facts are construed in the light most favorable to plaintiff, the nonmovant. *Schottel v. Neb. State Coll. Sys.*, 42 F.4th 976, 981 (8th Cir. 2022). Per Local Rule 4.01(e), "[a]ll matters set forth in the statement of the

1

movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Plaintiff has not responded nor controverted any facts from defendant's statement of material facts, [Doc. 20, 23], so plaintiff is deemed to admit all of defendants' facts.

SECC operates an administrative segregation unit ("AdSeg"), where it temporarily houses offenders for the security of SECC. [Doc. 32 at ¶ 5.] During plaintiff's complained-of timeframe, defendant Fluharty was his caseworker at SECC. Defendant Hancock was Deputy Warden at SECC until March 2022. Defendant Hanebrink was the Functional Unit Manager until March 2021.

Plaintiff filed this lawsuit without completing an informal resolution request ("IRR") form or otherwise following the grievance procedure at SECC. *Id.* at ¶ 18. Only case managers, like defendant Fluharty, distribute IRR forms. [Doc. 31 at ¶ 20.] Plaintiff says that he first wrote a complaint, not to defendant Fluharty, but to defendant Hanebrink on a "kite"—which is simply a written internal communication—complaining of his conditions of confinement. [Doc. 32-1, Ex. 4, at 107.] Defendant Hanebrink did not respond to plaintiff. *Id.* at 123. Plaintiff then alleges that he sent a kite to defendant Fluharty requesting an IRR form to complain about "conditions of confinement." He acknowledges that this request was denied because it was not specific enough, but Fluharty directed plaintiff to submit another IRR with more specificity describing the conditions he was complaining of. *Id.* at 108. In any event, defendant Fluharty denies that plaintiff ever made a request for an IRR.

2

There is no evidence that plaintiff ever again reached out to defendant Fluharty or made another IRR request to him. Defendant Fluharty has no notes indicating that plaintiff asked him for an IRR or returned an IRR to him, even though Fluharty records when he gives an inmate an IRR form on his "IRRs Handed Out" sheet. *Id.* at ¶¶ 23–24. Plaintiff also alleges that he requested an IRR form from defendant Hanebrink and defendant Hancock, but still was not given an IRR form. *Id.* at 124. Defendants Hanebrink and Hancock deny ever speaking to plaintiff about getting an IRR. [Doc. 32 at ¶¶ 21–22.]

## II.  Legal Standard

Under Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all the information before the court shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Mayorga v. Marsen Bldg. Maint., LLC*, 55 F.4th 1155, 1160 (8th Cir. 2022); Fed. R. Civ. P. 56(a). After the moving party discharges its burden to show that there is no issue as to any material fact, the nonmoving party must give specific facts showing that there is a genuine issue for trial. *Id.* A dispute about a material fact is genuine only if a reasonable jury could return a verdict for either party. *Morrow v. United States*, 47 F.4th 700, 704 (8th Cir. 2022).

Even when a plaintiff fails to respond to a motion for summary judgment—as plaintiff does here—courts should not treat a non-response as sufficient to dispose of the motion. *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). Instead, courts should "proceed to examine those portions of the record properly before them and

3

decide for themselves whether the motion is well taken." *Id.* Courts need not wade through the record for some specific fact that might support the non-moving party's claim. *Barge v. Anheuser–Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996) (quoting *White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir.1990)).

### III. Discussion

The threshold issue, which this Court finds dispositive, is whether plaintiff is barred from suing over his claims because he failed to exhaust administrative remedies. Plaintiff admits that he did not file an IRR, but he pleads that he did not do so because his caseworker refused to give him an IRR after he requested one. [Doc. 4 at 9.]

The Prison Litigation Reform Act states, in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This is mandatory language, which means "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 639 (2016). When plaintiff joins multiple prison condition claims into a single suit, the PLRA requires that all available prison grievance remedies be exhausted as to *all* claims before proceeding in court. *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003). But there is a textual exception to mandatory exhaustion: an inmate need only exhaust remedies "as are available." *Ross*, 578 U.S. at 642–44 (enumerating circumstances when remedies are unavailable).

4

An inmate cannot be faulted for failing to exhaust remedies that afford no possibility of relief. *Id.* at 643; *see also Cottengim v. Bacon*, No. 1:21-CV-84-SNLJ, 2021 WL 5769521, at *2 (E.D. Mo. Dec. 6, 2021) (discussing the exhaustion requirements). For instance, "an administrative procedure is unavailable when . . . it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 578 U.S. at 643. "Exhaustion is an affirmative defense, and failure to exhaust must be proven by the defendants." *Isaac v. Flenoid*, No. 1:16-CV-27-SNLJ, 2016 WL 4446707, at *1 (E.D. Mo. Aug. 24, 2016) (citing *Jones. v. Bock*, 549 U.S. 199, 212 (2007)). The Eighth Circuit has held that remedies are not "available" to an inmate when prison officials fail to respond to an inmate's request for grievance forms. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). Though it's a defendant's burden to show a failure to exhaust available remedies, a plaintiff is barred from suit if there was no exhaustion. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

As the Eighth Circuit noted regarding MDOC administrative remedies, "[t]o contest violations, inmates must follow a three-step grievance process," with the first being the filing of an IRR. *Porter v. Sturm*, 781 F.3d 448, 450 (8th Cir. 2015). "[T]he failure to exhaust is not excused unless the official's action or omission prevented the inmate from using grievance procedures, or caused remedies to be unavailable." *Nelson v. Lewis*, No. 1:19-CV-108-RWS, 2020 WL 1128204, at *8 (E.D. Mo. Mar. 6, 2020) (citing *Porter*, 781 F.3d at 452).

Here, plaintiff admits that he did not file an IRR before filing his lawsuit. [Doc. 32-1, Ex. 4, at 117.] Nevertheless, plaintiff argues that he did not fail to exhaust administrative

5

remedies because he alleges that defendants prevented him from accessing IRRs to file his grievances and to begin the administrative process.

As the undisputed facts show, plaintiff is familiar with the grievance process, having filed IRRs before and other lawsuits against the named defendants. [Doc. 32 at ¶ 15]; *e.g.*, *Glenn-El v. Fluharty*, No. 1:20-CV-194-SNLJ, 2022 WL 1668568 (E.D. Mo. May 25, 2022) (ruling on the merits). Plaintiff readily admits that only case managers—in this case, defendant Fluharty—take IRR requests and disperse IRRs. [Doc. 32-1, Ex. 4, at 116.] Also, defendant Fluharty contends that he has no record of plaintiff making an IRR request, which plaintiff is deemed to admit as true. [Doc. 31-1, Ex. 1, at ¶¶ 33–38.]

Even giving plaintiff the benefit of the doubt and assuming he made one request for an IRR to defendant Fluharty, he never asked Fluharty for another IRR after the first request and denial. Instead, according to plaintiff's own deposition, he went outside normal institutional policy and asked other administrators for an IRR, which was not their job. To be sure, plaintiff knew this was not the proper way to request an IRR. The fact that plaintiff exhausted administrative remedies in other cases shows that he is familiar with the grievance process and capable of using it. *See Moss v. Harwood*. 19 F.4th 614, 622 (4th Cir. 2021) (remedies were not unavailable when inmate said he knew how to access grievance process).

This is not a case where plaintiff filed an IRR but prison officials refused to respond to it. *See Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001). Nor did plaintiff make multiple requests to file a grievance that were ignored by defendants. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). Defendant Fluharty told plaintiff how to make his

6

request more specific to get an IRR, and plaintiff did not comply. The fact that plaintiff failed to follow these instructions does not mean that remedies were "unavailable" to him. "Under the PLRA. . . and all other applicable law, the question is a simple one: Was there a procedure available? There is no question in this case that there was." *Lyon*, 305 F.3d at 809. Defendants have demonstrated, with evidence in the record, that plaintiff chose not to follow prison procedure and so he failed to exhaust administrative remedies. Therefore, under the PLRA, 42 U.S.C. § 1997e(a), defendants are entitled to summary judgment.

Because the Court decides this case on plaintiff's failure to exhaust, it does not address the merits of plaintiff's remaining claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. 30] is GRANTED. A separate judgment will accompany this order.

Dated this 14th day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE